IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ROGELIO ALVARADO MARTINEZ** <br> Plaintiff/Petitioner <br><br> v. <br><br> **MICHAEL R. POMPEO**, United States Secretary of State, in his official capacity. <br><br> **MICHELE T. BOND**, Assistant Secretary for Consular Affairs, United States Department of State, in her official capacity. <br><br> **JOHN TAVENNER**, Consul General Ciudad Juárez, in his official capacity. <br><br> **JOHN DOE**, in his official capacity as the consular official responsible for issuing immigration visas in México <br><br> Defendants/Respondents | Case No.: |

## PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**TO THE HONORABLE COURT:**

    **NOW COMES**, **ROGELIO ALVARADO MARTINEZ** (hereinafter: "Mr. Alvarado"), by and through the undersigned attorney, allege and prays as follows:

### JURISDICTION AND VENUE

1. Jurisdiction lies under 28 U.S.C. § 1331. Mr. Alvarado hereby files this **PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** seeking declarations under, 28 U.S.C. §2201, 28 U.S.C.§1361 and Administrative Procedure and Declaratory Judgment Acts, as well as Rule 57 of Federal Civil Procedure.

2. Venue is proper in this district since Mr. Alvarado lived in Houston, Texas and defendants are officers and employees of the United States of America, this according to 28 U.S.C. §1391(e)(1)(C).

## PARTIES

3. **MR. ALVARADO** is a citizen of Mexico who is the Beneficiary of a **Petition for Alien Relative** (Form I-130) filed on his behalf by his wife, María M. Alvarado, who is a citizen of the United States.

4. **MICHAEL R. POMPEO** is the Secretary of State of the United States and is sued in his official capacity.

5. **MICHELE T. BOND** is the Assistant Secretary for Consular Affairs, United States Department of State and is sued in her official capacity.

6. **JOHN TAVENNER** is the Consul General in Ciudad Juárez and is sued in his official capacity.

7. **JOHN DOE**, is the name designated for any consular officer responsible for issuing immigration visas in México which name is unknown at the moment and is sued in his official capacity.

## FACTS

8. Mr. Alvarado is the beneficiary of an apporoved **Petition for Alien Relative** (Form I-130) filed on his behalf by his wife María M. Alvarado.

9. On March 9, 2019, following procedures established by law and enforced by the United States Department of State, once said Petition was approved, Mr. Alvarado attended an interview at the United States Consulate in Ciudad Juárez, Mexico in order to continue the process of obtaining his immigrant visa to the United States.

10. After the interview, Mr. Alvarado was denied his visa because the Consular Officer found that Mr. Alvarado was an alien who "at any time knowingly has encouraged, induced, assisted,

abetted, or aided any other alien to enter or try to enter the United States" in violation of INA §212(a)(6)(E). Conduct for which a waiver for inadmissibility is not available.

11. It appears this finding was based on a 2015 arrest by the Falfurrias Police Department in which Mr. Alvarado was charged with "Smuggling of Persons".

12. The District Attorney's Office exercised its prosecutorial discretion and did not pursue the charges against Mr. Alvarado in connection with the above referenced case.

13. After said denial Mr. Alvarado filed, through counsel, a legal inquiry to the U.S. Consulate in Mexico explaining why the consular officer erred in denying said visa and requesting a supervisor review the consular officer's inadmissibility finding.

14. Mr. Alvarado submitted substantial evidence to contradict the consular officer findings.

15. This petition was also denied by the U.S. Consulate General in Ciudad Juárez, México.

## FIRST CAUSE OF ACTION

### Administrative Procedures and Declaratory Judgment Acts

16. Mr. Alvarado incorporates by reference all previous paragraphs.

17. As provided by 5 U.S.C. §706. **Scope of review**

*To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of the agency action. The reviewing court shall:*

*(1) [...]*

*(2) hold unlawful and set aside agency action, findings, an conclusions found to be-----*

*(A) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law;*

*(B) contrary to constitutional right, power, privilege, or immunity;*

*(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;*

> *(D) without observance or procedure required by law;*
>
> *(E) unsupported by substantial evidence in a case subject to sections 556 and 557 if this title or otherwise review on the record of an agency hearing provided by statute; or*
>
> *(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.*

18. Plaintiff therefore urges the Court to "hold unlawful and set aside" the actions of the Defendants, in denying Plaintiff his Visa under false circumstances. Plaintiff was refused a visa for an action that he did not commit. In refusing to correct this mistake when Plaintiff pursued the administrative remedies available to him, Defendant's have abused their discretion.

19. Plaintiff is entitled to bring a declaratory judgment action under 28 U.S.C. §2201-2202, declaring that he should be granted his visa and that he is not inadmissible under INA §212(a)(6)(E) because he was never convicted of "Smuggling of Persons",

## SECOND CAUSE OF ACTION

## MANDAMUS

20. Mr. Alvarado incorporates by reference all previous paragraphs.

21. 28 U.S.C. §1361 reads as follow:

> *The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.*

22. In the alternative, should the Court determine that full relief cannot be afforded under the above causes of action, Mr. Alvarado asserts that he should be entitled to a writ of mandamus, ordering Respondents to issue a visa in Mr. Alvarado's name. He asserts that, in such a case, under the Due Process Clause of the Fifth Amendment: (1) he would have a clear right to relief, (2) the Defendants would have a clear duty to act, and (3) no other adequate remedy would exist. See*,*

*Samirah v. Holder*, 627 F.3d 652 (7th Cir 2010), and *Sia Ass'n of Bay Area v. U.S.*, 849 F. Supp. 2D 916, 923-25. (N.D. Cal. 2012).

23. Although visa denials are usually not subject to review (*Kerry v. Din, 576 U.S.*), the demonstrably false factual error committed by the consular officer in this case allows this Honorable Court to adjudicate this matter.

24. Mr. Alvarado has a right to have his visa approved since he is otherwise admissible to enter the United States.

25. Defendants owe Plaintiff a duty to facilitate the immigration process by acting in compliance with the law.

26. Plaintiff has exhausted any administrative remedies that may exist. Plaintiff has no adequate remedy at law.

27. Plaintiff seeks a Writ of Mandamus compelling Defendants to grant him his visa.

**PRAYER**

WHEREFORE, Plaintiff prays that the Court:

a) Compel Defendants and those acting under them to approve Plaintiff's Visa; and

b) Grant such other and further relief as this Court deems proper under the circumstances; and

c) Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted,

  /s/ Manuel Solis
Manuel Solis
Law Office of Manuel Solis
Attorney-in-charge
P.O Box 230529
Houston, Texas 77223
(713) 481-1020
(281) 377-3924 (fax)
Federal ID. 36113
Texas Bar 18826790